IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAIEJON CROCKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-77 |
| ) | |
| KEVIN SUTTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This *pro se* prisoner civil action was received by the Clerk of Court on February 28, 2022 and referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges. ECF No. 1. Plaintiff, an inmate at the Erie County Prison ("ECP"), has brought claims under 42 U.S.C. §1983 against Warden Kevin Sutter and Deputy Warden Mike Halman, seeking redress for the alleged violation of his federal civil rights.

Pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 1. After reviewing that motion and screening the complaint in accordance with 28 U.S.C. §1915(e)(2) and §1915A, Judge Lanzillo issued a report and recommendation ("R&R") on July 11, 2022. ECF No. 6. In his R&R, Judge Lanzillo recommends that the Court grant the IFP motion but dismiss the complaint for failure to state a viable claim against the named Defendants inasmuch as Plaintiff has failed to plead facts showing that either Defendant Sutter or Defendant Halman were personally involved in alleged wrongdoing. Alternatively, Judge Lanzillo recommended that the Court dismiss this case based on Plaintiff's failure to prosecute his claims.

1

Objections to the R&R were due on or before July 28, 2022. To date, no objections have been filed.

After careful review, this Court agrees that the IFP motion should be granted. The Court also agrees that Plaintiff has failed to state viable claims against the named Defendants pursuant to 42 U.S.C. §1983. As set forth in the R&R, the Defendants' involvement in the grievance process is an insufficient basis, as a matter of law, for establishing their personal involvement in any wrongdoing. Although it might be possible for Plaintiff to state a valid §1983 claim against either Warden Sutter or Deputy Warden Halman based on their status as supervisors and/or policymakers, Plaintiff has not done so here. *See Chavarriaga v. New Jersey Dept. of Corrections*, 806 F.3d 210, 23 (3d Cir. 2015) (discussing §1983 liability for officials with final policymaking authority); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987) (discussing supervisory liability under Section 1983). Still, the Court cannot say that any amended claims against Defendants Sutter or Halman would be futile, so the Court will not dismiss the complaint with prejudice on that basis.

Turning to the next basis for dismissal, however, which is Plaintiff's failure to prosecute, the Court agrees with Judge Lanzillo's conclusion that dismissal with prejudice is warranted based on the factors outlined in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984). Notably, Plaintiff has not meaningfully participated in this case since the filing of his complaint in February 2022, as it appears he is no longer incarcerated at the Erie County Prison and has failed to provide an updated mailing address. As a result, both the Magistrate Judge's Order directing Plaintiff to file an amended complaint, ECF No. 5, and his R&R, ECF No. 6, have been returned undelivered without any forwarding address. It appears, in short, that

Plaintiff has abandoned his claims and, thus, further leave to amend would likely be both futile and inequitable.

Accordingly, after *de novo* review of the Complaint, the Magistrate Judge's Report and Recommendation, and all other relevant filings and developments in this case, the following Order is entered:

NOW, this 25th day of August, 2022,

IT IS ORDERED that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [1], shall be, and hereby is, GRANTED.  Accordingly, the Clerk is directed to file Plaintiff's complaint at a separate docket number.

IT IS FURTHER ORDERED that the Complaint in this case shall be, and hereby is, DISMISSED with prejudice, based upon Plaintiff's failure to prosecute his claims.

Finally, IT IS ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, dated July 11, 2022, ECF No. [6], is adopted as the opinion of this Court.

There being no further pending matters before the Court, the Clerk is directed to mark this civil action "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge

cm:   Shaiejon Crockett
      42330
      Erie County Prison
      1618 Ash Street
      Erie, PA 16503-2168
      (via U.S. Mail)

      The Honorable Richard A. Lanzillo (via CM/ECF)